## GARRISON v. UNITED STATES.
### No. 12083.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1947.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Charged by indictment in four counts: In count one with possessing, and aiding and abetting other persons to possess, a still; in count two with making and fermenting, and aiding and abetting other persons to make and ferment mash; in count three with working, and aiding and abetting other persons to work, in a distillery; in count four with possessing, and aiding and abetting other persons to possess, distilled spirits; appellant was convicted on counts two and three. Pointing out that the evidence was wholly circumstantial and insisting that it was not sufficiently cogent to convict him, he is here urging upon us that the court erred in not directing a verdict in his favor.

■ A careful examination of the record convinces us that appellant's point is well taken. We think it clear that it cannot be said of the evidence that it pointed unerringly to appellant's guilt and that it was inconsistent with any other hypothesis. The most that can be said of the evidence in the Government's favor is that some of the circumstances were sufficient to raise a suspicion of appellant's guilt, and this, according to settled rules, is not sufficient. It will serve no useful purpose to consider or discuss circumstantial evidence cases. The principle governing them is well settled, and each case rests upon, and must be determined by, its own facts. If the defendant was guilty as charged, it was the Government's duty to prove that he was. Verdicts may not be based upon surmise and suspicion. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.